**Michael B. Merchant**, OSB No. 882680
mike.merchant@bhlaw.com
**Britta E. Warren**, OSB No. 065441
britta.warren@bhlaw.com
BLACK HELTERLINE LLP
805 S.W. Broadway, Suite 1900
Portland, OR 97205
Telephone: (503) 224-5560
Facsimile: (503) 224-6148

*Liaison Counsel for Movant Maurice A. Rendon
and Proposed Liaison Counsel for the Class*

[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| JAMES WAKEFIELD, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ESS TECH INC., ERIC P. DRESSELHUYS, and AMIR MOFTAKHAR,<br><br>Defendants. | Case No. 3:23-cv-00050-JR<br><br>**MAURICE A. RENDON'S OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL** |
| MICHAEL BUDUKIEWICZ, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ESS TECH INC., ERIC P. DRESSELHUYS, and AMIR MOFTAKHAR,<br><br>Defendants. | Case No. 3:23-cv-00234-JR |

Page 1 – RENDON'S OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS

Lead Plaintiff Movant Maurice A. Rendon ("Rendon") submits this memorandum of law in opposition to the two competing motions for appointment of lead plaintiff and approval of counsel filed by other class members in this action (Dkt. Nos. 13, 15).[1]

## I.     INTRODUCTION

Three movants filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The motions were filed by Rendon (Dkt. No. 17), Darren Sturgis ("Sturgis," Dkt. No. 13), and Michael Budukiewicz ("Budukiewicz," Dkt. No. 15). Sturgis withdrew his motion on March 27, 2023, conceding that he "does not appear to have the largest financial interest." Dkt. No. 22. Budukiewicz similarly filed a notice of non-opposition to the competing motions, conceding that he "does not have the 'largest financial interest.'" Dkt. No. 23.

The PSLRA directs the Court to appoint the "most adequate plaintiff"—*i.e.*, the plaintiff "most capable of adequately representing the interests of class members"—as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA also provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant that, *inter alia*, has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted, however, by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As demonstrated in Rendon's memorandum of points and authorities in support of his lead plaintiff motion (Dkt. No. 26), and as conceded by the other movants, Rendon has the

---

[1] All lead plaintiff movants support consolidation of the above-captioned related actions. As such, only appointment of lead plaintiff and approval of lead counsel are addressed herein.

largest financial interest in the relief sought by the class. Rendon's financial interest, as measured by his last in, first out ("LIFO") loss, is $34,041.70. *See* Dkt. No. 18-3. As such, Rendon is the presumptively "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Since Rendon is the presumptively most adequate plaintiff, and the presumption has not been rebutted, Rendon should be appointed lead plaintiff, and his selection of counsel should be approved.[2]

## II.    RENDON SHOULD BE APPOINTED AS LEAD PLAINTIFF

### A.    The PSLRA Mandated Procedure for Appointing a Lead Plaintiff

The PSLRA mandates that the Court appoint "the most adequate plaintiff" to be lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA further provides a rebuttable presumption that the "most adequate plaintiff" is the movant that: (1) has either filed the complaint or made a motion in response to a notice; (2) in the determination of the Court, has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

When determining which movant is presumptively most adequate, "the [PSLRA] provides in categorical terms that the *only* basis on which a court may compare plaintiffs . . . is the size of their financial stake in the controversy." *Cavanaugh*, 306 F.3d at 732 (emphasis in

---

[2] "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

original). Courts may not engage in a "freewheeling comparison" of "business acumen," or "knowledge of the lawsuit." *Id.*

Once the Court identifies the presumptively most adequate plaintiff, the presumption may be rebutted only "upon proof . . . that the presumptively most adequate plaintiff" (1) "will not fairly and adequately protect the interests of the class," or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, Rendon is the presumptively most adequate plaintiff because he filed a timely lead plaintiff motion in response to a notice, has a larger financial interest than the other lead plaintiff movants and satisfies the requirements of Rule 23. Moreover, since no other movant has rebutted or can rebut this presumption, Rendon should be appointed lead plaintiff.

**B.      Rendon Is the Presumptively Most Adequate Plaintiff Because He Has the Largest Financial Interest in the Relief Sought by the Class**

Rendon satisfies all three requirements to be the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). First, Rendon filed a motion for appointment as lead plaintiff. *See* Dkt. No. 17; 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(aa). Second, Rendon satisfies the requirements of Rule 23, as demonstrated in Rendon's memorandum of law in support of his lead plaintiff motion. *See* Dkt. No. 17 at 8-10; 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(cc). Finally, as explained *infra*, Rendon has the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(bb).

Since the PSLRA does not mandate any particular methodology for determining which movant has the largest financial interest in the relief sought by the class, district courts are free to choose any methodology that is "both rational and consistently applied." *See Cavanaugh*, 306 F.3d at 730 n.4. "District courts have generally equated financial interest with actual

economic losses suffered." *Deering v. Galena Biopharma, Inc.*, No. 3:14-cv-00367, 2014 WL 4954398, at *8 (D. Or. Oct. 3, 2014); *Cannataro v. Portland Gen. Elec. Co.*, No. 3:20-cv-1583, 2020 WL 12800744, at *5 n.5 (D. Or. Nov. 10, 2020) (same).

To determine losses suffered, the "weight of authority" dictates that the last in, first out (LIFO) methodology is most appropriate. *See Nicolow v. Hewlett Packard Co.*, No. 12-cv-05980, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013); *Bodri v. Gopro, Inc.*, No. 16-cv-00232, 2016 WL 1718217, at *3 (N.D. Cal. Apr. 28, 2016) (same). Indeed, LIFO is the preferred accounting method because it "has been used not only for lead plaintiff calculations, but also to determine compensation amounts for stockholders suffering losses due to securities fraud." *See In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 101 (S.D.N.Y. 2005).

Here, Rendon has the largest financial interest because he has, by far, the largest economic loss:[3]

| Movant | LIFO Loss |
|---|---|
| Maurice A. Rendon | $34,041.70 |
| Darren C Sturgis | $18,964.56 |
| Michael Budukiewicz | $7,075.00 |

Accordingly, Rendon has the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(bb). Since Rendon also satisfies the requirements of Rule 23, Rendon is the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

---

[3] All loss values in this chart are normalized using the same 90-day trailing average price to value losses on shares retained through the end of the class period, as was used in Rendon's financial interest analysis (Dkt. No. 18-3), and as appropriate under the PSLRA. *See* 15 U.S.C. § 78u-4(e) (Limitation on Damages). Sturgis' loss figure here differs significantly from the figure he provided in his loss chart (Dkt. No. 13-3, $20,693.37) because Sturgis did not apply the trailing average price to value his losses on shares he sold after the class period.

**C.       The Presumption that Rendon Is the Most Adequate Plaintiff Has Not Been Rebutted**

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No proof has been presented that Rendon would be inadequate or subject to unique defenses. Moreover, Rendon is not aware of any possible basis for such a contention. To the contrary, Rendon has been managing his own investments for approximately 20 years, is a commercial pilot, and has a B.S. degree in Aeronautical Science. *See* Dkt. No. 17 at 9-10. As such, Rendon should be appointed as lead plaintiff, and no other movant is entitled to consideration. *See Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status.").

## III.      RENDON'S CHOICE OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). *See also Cavanaugh*, 306 F.3d at 733 n.11 ("Congress gave the lead plaintiff . . . the power to select a lawyer for the class."). As such, a District Court should only interfere with the lead plaintiff's choice of counsel if the choice "is so irrational, or so tainted by self-dealing or conflict of interest, as to cast genuine and serious doubt on that plaintiff's willingness or ability to perform the functions of lead plaintiff." *Id.* at 733.

Here, Rendon has selected Glancy Prongay & Murray LLP to be lead counsel and Black Helterline LLP as liaison counsel. Glancy Prongay & Murray LLP has the expertise, resources, and experience necessary to effectively conduct this litigation. *See* Dkt. No. 18-4 (Glancy

Page 6 – RENDON'S OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS

Prongay & Murray LLP firm résumé). The firm has decades of experience successfully representing injured investors. *See id.* By approving Rendon's selection of counsel, the Court may be assured that the class will receive the highest caliber of legal representation. Accordingly, Rendon's selection of counsel for the class should be approved.

## IV.    CONCLUSION

For the foregoing reasons, Rendon respectfully requests that the Court enter an Order: (1) consolidating the above-captioned related actions; (2) appointing Maurice A. Rendon as Lead Plaintiff; (3) approving Glancy Prongay & Murray LLP as Lead Counsel and Black Helterline LLP as Liaison Counsel for the class; and (4) denying the competing motions.

DATED this 27th day of March 2023.

BLACK HELTERLINE LLP

By:      s/Michael B. Merchant
    Michael B. Merchant, OSB No. 882680
    Britta E. Warren, OSB No. 065441
    (503) 224-5560

*Liaison Counsel for Movant Maurice A. Rendon and Proposed Liaison Counsel for the Class*

GLANCY PRONGAY & MURRAY LLP
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Movant Maurice A. Rendon and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that by doing so I served the foregoing on all parties in the record of the subject case via CM/ECF system transmission.

DATED this 27th day of March 2023.

BLACK HELTERLINE LLP


By:       s/Michael B. Merchant
          Michael B. Merchant
          OSB No. 882680
          (503) 224-5560

          *Liaison Counsel for Movant Maurice A. Rendon and Proposed Liaison Counsel for the Class*

Page 1 – Certificate of Service