IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JAMES WAKEFIELD, Individually and on behalf of all others similarly situated, | 3:23-cv-00050-JR (Lead Case) |
| Plaintiff, | ORDER |
| v. | |
| ESS TECH INC., ERIC P. DRESSELHUYS, and AMIR MOFTAKHAR, | |
| Defendants. | |
| MICHAEL BUDUKIEWICZ, Individually and on behalf of all others similarly situated, v. | 3:23-cv-00234-JR (Trailing Case) |
| ESS TECH, INC., ERIC P. DRESSELHUYS, AND AMIR MOFTAKHAR, | ORDER |
| Defendants. | |

RUSSO, Magistrate Judge:

Plaintiff, James Wakefield, brings this action on behalf of himself and all others similarly situated alleging defendants ESS Tech Inc. and its Chief Executive and Financial Officers violated the Securities Exchange Act. The proposed class consists of:

> all persons other than Defendants who acquired ESS securities publicly traded on the NYSE during the Class Period, and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, the officers and directors of ESS, members of the Individual Defendants' immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

Page 1 – ORDER

Complaint (ECF 1) at ¶ 33.

Movant Darren Sturgis, who falls within the proposed class, seeks to consolidate this action with Budukiewicz v. ESS Tech, Inc., Case No. 3:23-cv-00234-JR, and requests an order appointing him as lead plaintiff. Plaintiff in the Budukiewicz action, Michael Budukiewicz, also seeks to consolidate the actions and requests he be appointed as lead plaintiff.[1] Movant Maurice Rendon, also a member of the proposed class, seeks consolidation and an order appointing him as lead plaintiff.[2] After Budukiewicz and Rendon filed their motions, movant Sturgis withdrew his motion and Budukiewicz filed a notice of non-opposition to the competing motions for appointment of lead plaintiff.

A.    Consolidation

The Court must resolve pending motions to consolidate before appointing the lead plaintiff and approving lead counsel. According to the  Private Securities Litigation Reform Act (PSLRA), "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under [PSLRA] has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [of lead plaintiff] until after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Pursuant to Fed. R. Civ. P. 42(a), "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  In determining whether to consolidate cases, the court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation.  In re Fusion-io,

---

[1] Plaintiff Budukiewicz similarly seeks to consolidate the actions and for an order appointing him as the lead plaintiff in Case No. 3:23-cv-234-JR.

[2] Rendon similarly seeks to consolidate the actions and an order appointing him as lead plaintiff in Case No. 3:23-cv-234-JR.

Page 2 – ORDER

Inc. Securities Litigation, 2014 WL 2604991, at *2 (N.D. Cal. June 10, 2014).  Further, the district court has broad discretion under Rule 42 to consolidate cases pending in the same district. Investors Research Co. v. United States Dist. Court for Cent. Dist., 877 F.2d 777, 777 (9th Cir. 1989).

The complaints in these two cases against ESS Tech are virtually identical. Each complaint, on behalf of persons who acquired publicly traded ESS securities between August 11, 2022, and December 7, 2022, seeks damages caused by ESS's alleged violations of federal securities law. Compare Case No. 3:23-cv-50-JR Complaint (ECF 1) with Case No. 3:23-cv-234 Complaint (ECF 1).  The two actions assert essentially identical claims based on essentially identical factual allegations. They involve common questions of both law and fact, even though either would be enough under Rule 42(a). Moreover, no party opposes consolidation. Thus, these two cases are well-suited for consolidation and are hereby consolidated.

B.      Selection of a Lead Plaintiff

The PSLRA governs the selection of a lead plaintiff in private securities class actions. In Re Fusion-io, 2014 WL 2604991, at *3.  The lead plaintiff is to be the "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).  A three-step process determines the lead plaintiff. In re Cavanaugh, 306 F.3d 726, 729 (9th Cir. 2002). First, the plaintiff who filed the earliest action governed by the PSLRA must publicize the pendency of the action, the claims made, and the purported class period "in a widely circulated national business-oriented publication or wire service." 15 U.S.C. § 78u-4(a)(3)(A)(i)(I). This notice must also alert the public that "any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  Notice has been timely made and movants have timely moved for appointment within 60 days of the notice.

Page 3 – ORDER

Second, the court selects the presumptive lead plaintiff. See In Re Cavanaugh, 306 F.3d at 729-30 (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)). In order to determine the presumptive lead plaintiff, "the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." Id. at 730 (footnote omitted). After the court identifies the plaintiff with the most to gain, the court determines whether that plaintiff, based on the information he or she provides, "satisfies the requirements of Rule 23(a) [of the Federal Rules of Civil Procedure], in particular those of 'typicality' and 'adequacy.'" Id. If that plaintiff satisfies the requirements of Rule 23(a), that plaintiff becomes the presumptive lead plaintiff. Id. If not, the court selects the plaintiff with the next-largest financial stake and determines whether that plaintiff satisfies the requirements of Rule 23(a). Id. The court repeats this process until it selects a presumptive lead plaintiff. Id. Plaintiff Wakefield has not alleged a precise amount of his damages, but the complaint indicates a small amount in damages. He purchased 161 shares at a share price of $3.275 and alleges the share price dropped to $2.64 after ESS's alleged misconduct was revealed. See Certification and Authorization of Plaintiff attached to complaint at p. 44. (ECF 1 in Case No. 3:23-cv-50-JR) (initial purchase price); 23-cv-50-JR Complaint at ¶ 31 (Share price, after news of ESS management's misleading activities, down to $2.64). Movant Sturgis asserts losses of $20,693.37. Plaintiff Budukiewicz indicates losses of $7,283. Movant Rendon asserts financial losses of $34,041.70. Accordingly, movant Rendon is the presumptive lead plaintiff. A review of Rendon's moving papers also indicates he satisfies the requirements of typicality and adequacy. All plaintiffs and proposed class plaintiffs assert the same claim, based on the same alleged misstatements made by ESS, resulting in the purchase of over-valued shares through reliance on those misstatements. Rendon has retained counsel with the experience to prosecute this action and is himself well-equipped to represent the class.

Page 4 – ORDER

Third, those plaintiffs not selected as the presumptive lead plaintiff may rebut the presumptive lead plaintiff's showing that he satisfies Rule 23's typicality and adequacy requirements. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)). This is done by showing that the presumptive lead plaintiff either "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)-(bb). If the court determines that the presumptive lead plaintiff does not meet the typicality or adequacy requirements, then it must return to step two, select a new presumptive lead plaintiff, and again allow the other plaintiffs to rebut the new presumptive lead plaintiff's showing. In Re Cavanaugh, 306 F.3d at 731. The court repeats this process until all challenges have been exhausted. Id. As noted above, the remaining movants have either withdrawn or submitted a notice of no objection to Rendon's motion. In addition, plaintiff Wakefield has not responded to the motions other than pleading that he should be designated as lead plaintiff in the complaint itself and has not submitted any further motion seeking such appointment. Accordingly, movant Rendon is selected as the lead plaintiff.

Under the PSLRA, the lead plaintiff is given the right, subject to court approval, to "select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "[T]he district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." Cohen v. U.S. Dist. Court, 586 F.3d 703, 711 (9th Cir. 2009) (citation omitted). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." Id. at 712. Here, plaintiff has selected Glancy Prongay & Murray LLP as lead counsel and Black Helterline LLP as liaison counsel. Movant Rendon's supporting papers demonstrate proposed counsel possess the experience necessary to prosecute this securities fraud case. Accordingly, the Court approves Rendon's selection of class counsel.

Page 5 – ORDER

CONCLUSION

The motions to consolidate (ECF 13, 15, and 17 in Case No. 3:23-cv-50-JR and ECF 7 and 11 in Case No. 3:23-cv-234-JR) are granted.  Case No. 3:23-cv-50-JR, Wakefield v. ESS Tech, Inc., et al, is deemed the lead case and is consolidated with Case No. 3:23-cv-234-JR, Budukiewicz v. ESS Tech, Inc., et al. The parties shall adhere to Local Rule 42-4, "Document Caption Requirements After Consolidation" when submitting future pleadings in this matter.  Movant Rendon's motions for appointment as lead plaintiff (ECF 17 in Case No. 3:23-cv-50-JR and ECF 7 in Case No. 3:23-cv-234-JR) are granted and the remaining motions for appointment of lead plaintiff (ECF 13 and 15 in Case No. 3:23-cv-50-JR and ECF 11 in Case No. 3:23-cv-234-JR) are denied.  The Court appoints Glancy Prongay & Murray LLP as lead counsel and Black Helterline LLP as liaison counsel for the putative class as requested by the lead plaintiff.   Movant Sturgis' motion to withdraw (ECF 22 in Case No. 3:23-cv-50-JR) is granted.

Lead plaintiff and the defendants shall meet and confer regarding a schedule for the filing of a consolidated complaint or designation of an operative complaint, and a briefing schedule for Defendants' anticipated motion to dismiss. All discovery related deadlines are stayed until after a ruling on the defendants' anticipated motion to dismiss.

DATED this 24th day of April, 2023.

_____/s/ Jolie A. Russo_____
Jolie A. Russo
United States Magistrate Judge

Page 6 – ORDER